HAROLD K. BEECHER & ASSOCIATES,
Plaintiff and Appellant,

v.

SALT LAKE CITY and Salt Lake County,
Defendants and Respondents.

No. 13610.

Supreme Court of Utah.

Feb. 11, 1975.

Ronald C. Barker, Salt Lake City, for plaintiff and appellant.

Roger F. Cutler, Salt Lake City Atty., Richard S. Shepherd, Deputy Salt Lake Co. Atty., Salt Lake City, for defendants and respondents.

HENRIOD, Chief Justice:

Appeal from a judgment unfavorable to plaintiff who previously had received $609,385.59 for architects' fees incident to the construction of the Salt Lake Metro-politan Hall of Justice, but by a series of rather protracted procedures, asked for another $130,079.45 for alleged extra work, plus some trimmings,—costs and the like. The lower court is affirmed.

The record here reveals an unrealistic urgence by plaintiff which we consider unrelated to the contractual atmosphere indulged in the first instance and thereafter, which would push a three-quarter million dollar indebitatus assumpsit understanding in writing to an unwarranted nearly million dollar claim via quantum meruit or valebant.

Courts sometimes frown on pen and paper proposals to espouse excursions into a land of parol pension in perpetuity.

No salutary purpose would be served here in relating the pros and cons,—but in affirming the trial judge, we say that all of the writings, circumstances, printers-ink, etc., might embolden one to say that he may have brought solace, save for a bit of rigor mortis evidenced by this appeal, to a troubled city and disappointment to an architect, urging payment of a contract really never consummated.

We think he was right, and affirm the decision. Parenthetically we don't recommend filing a reply brief almost minutes before an adversary has had an opportunity to respond thereto, as seems to have been the case here.

TUCKETT and MAUGHAN, JJ., concur.

CROCKETT, Justice (concurring specially):

I concur with the affirmance of the judgment of the trial court which rejects the plaintiff's attempt to seek further compensation in addition to the contracts for which he has been paid. The burden of proof was upon the plaintiff to convince the trial court of this entitlement, which burden he failed to discharge.

In view of the trial court's often-referred-to prerogative of finding the facts, coupled with the traditional rule of review

on appeal that where he has failed to find for a proponent, we do not reverse unless the evidence would to all reasonable minds compel such a finding, I agree that the correct conclusion here is that the judgment should be affirmed.

ELLETT, J., concurs in the views expressed in the concurring opinion of CROCKETT, J.